**BROWN KWON & LAM LLP**
William Brown, Esq. (WB6828)
275 Fifth Avenue, 17th Floor
New York, NY 10175
Tel.: (212) 295-5828
Fax: (718) 795-1642
wbrown@bkllawyers.com
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| AILEEN RODRIGUEZ,<br>*on behalf of herself and others similarly situated*,<br><br>Plaintiff,<br><br>- against -<br><br>TRUMP FERRY POINT LLC<br>     d/b/a TRUMP GOLD LINKS AT FERRY<br>     POINT and THE WATERFRONT NYC,<br>and JOE ROEDIGER,<br><br>Defendants. | Case No:<br><br>**CLASS AND COLLECTIVE ACTION COMPLAINT** |

Plaintiff AILEEN RODRIGUEZ ("Plaintiff"), individually and on behalf of all others similarly situated, upon personal knowledge as to herself, and upon information and belief as to other matters, by and through her undersigned attorneys, hereby files this Class and Collective Action Complaint against Defendants, TRUMP FERRY POINT LLC d/b/a Trump Gold Links at Ferry Point and The Waterfront NYC (hereinafter, "Corporate Defendant"), and JOE ROEDIGER (hereinafter, "Individual Defendant," and together with Corporate Defendant, "Defendants") and alleges as follows:

**<u>INTRODUCTION</u>**

1.      Plaintiff brings this action on behalf of herself and similarly situated workers who elect to opt in to this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.*

("FLSA"), and specifically, the collective action provision of 29 U.S.C. § 216(b), seeking from Defendants: (1) unpaid overtime wages due to off the clock work, (2) unlawfully retained tips, (3) liquidated damages, and (4) attorneys' fees and costs.

2.      Plaintiff also brings this action on behalf of herself and similarly situated workers pursuant to the New York Labor Law ("NYLL") Article 6 §§ 190 *et seq.*, and Article 19 §§ 650 *et seq.*, the supporting New York State Department of Labor Regulations, and the Federal Rule of Civil Procedure 23 ("Rule 23"), seeking from Defendants: (1) unpaid regular and overtime wages due to off the clock work, (2) unpaid minimum wage due to invalid tip credit, (3) misappropriated tips, (4) unreimbursed uniform maintenance pay, (5) unpaid spread-of-hours pay, (6) stautory penalties, (7) liquidated damages, and (8) attorneys' fees and costs.

## JURISDICTION AND VENUE

3.      This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1337.

4.      This Court also has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

5.      This Court has jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

6.      Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred in this District.

## PARTIES

### Aileen Rodriguez

7.      Plaintiff Aileen Rodriguez is an adult who resides in Bronx County, New York.

8.     Plaintiff was a covered employee within the meaning of the FLSA and NYLL.

9.     Plaintiff retained Brown, Kwon & Lam LLP to represent Plaintiff in this action and have agreed to pay the firm a reasonable fee for its services.

**_Trump Ferry Point LLC_**

10.    Corporate Defendant Trump Ferry Point LLC is a domestic limited liability company organized under the laws of the State of New York with a principal place of business located at 500 Hutchinson River Parkway, Bronx, NY 10465 and an address for service of process located at c/o National Registered Agents, Inc., 28 Liberty Street, New York, NY 10005.

11.    At all relevant times, Corporate Defendant Trump Ferry Point LLC has operated the Trump Golf Links at Ferry Point which includes The Waterfront NYC, an upscale seafood restaurant.

12.    At all relevant times, Defendants operated Trump Golf Links at Ferry Point and The Waterfront NYC through Corporate Defendant Trump Ferry Point LLC.

13.    At all relevant times, Corporate Defendant Trump Ferry Point LLC had an annual dollar volume of sales in excess of $500,000.

14.    Corporate Defendant Trump Ferry Point LLC is a covered "employer" within the meaning of the FLSA and NYLL.

15.    Corporate Defendant Trump Ferry Point LLC employed Plaintiff and similarly situated employees.

16.    At all relevant times, Corporate Defendant Trump Ferry Point LLC maintained control, oversight, and direction over Plaintiff and similarly situated employees, including, but not limited to, hiring, firing, disciplining, timekeeping, payroll, and other employment practices.

17.     At all relevant times, Corporate Defendant Trump Ferry Point LLC applied the same employment policies, practices and procedures to all non-exempt employees at The Waterfront NYC.

***Joe Roediger***

18.     At all relevant times, Individual Defendant Joe Roediger was the General Manager of The Waterfront NYC.

19.     Individual Defendant Joe Roediger is a covered "employer" within the meaning of the FLSA and NYLL.

20.     Individual Defendant Joe Roediger employed Plaintiff and similarly situated employees.

21.     At all relevant times, Individual Defendant Joe Roediger was directly involved in managing the operations at The Waterfront NYC.

22.     At all relevant times, Individual Defendant Joe Roediger had authority over personnel or payroll decisions and employment policies, practices and procedures at The Waterfront NYC.

23.     At all relevant times, Individual Defendant Joe Roediger had the power to hire, fire, promote or discipline Plaintiff and similarly situated employees, and control the terms and conditions of their employment at The Waterfront NYC, including their work assignments, work schedules, pay and responsibilities. Defendant Joe Roediger directly hired Plaintiff and informed her of her pay rate. Plaintiff was directly supervised by Joe Roediger on a day-to-day basis. Plaintiff further witnessed Defendant Joe Roediger discipline and fire similarly situated employees.

24.     At all relevant times, Individual Defendant Joe Roediger hired, fired, promoted, disciplined, supervised, and controlled the employment terms and conditions of the managers and/or supervisors of Plaintiff and similarly situated employees at The Waterfront NYC.

25.     At all relevant times, Individual Defendant Joe Roediger had the power to prevent or stop any unlawful practices that harmed Plaintiff and similarly situated employees at The Waterfront NYC.

26.     At all relevant times, Individual Defendant Joe Roediger had the power to maintain employment records, including time and/or wage records of employees at The Waterfront NYC.

27.     At all relevant times, Defendants jointly employed Plaintiff and similarly situated employees.

28.     At all relevant times, each Defendant had substantial control over Plaintiff's and similarly situated employees' working conditions, and over the unlawful policies and practices alleged herein.

29.     At all relevant times, Defendants were and continue to be employers within the meaning of the FLSA and NYLL

**FLSA COLLECTIVE ACTION ALLEGATIONS**

30.     Plaintiff brings the First Cause of Action, the FLSA claims, on behalf of herself and all similarly situated current and former non-exempt tipped employees employed by Defendants, from the date that is three (3) years prior to the filing of this Class and Collective Action Complaint until the date of final judgment in this matter, and who elect to opt-in to this action ("FLSA Collective Members").

31.     At all relevant times, Plaintiff and FLSA Collective Members are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and

have been subject to Defendants' common policies, practices, procedures and patterns with regards to their compensation, including their willful and repeated failure to pay Plaintiff and FLSA Collective Members overtime wages for all hours worked in excess of forty (40) per workweek. Further, Defendants unlawfully kept and/or allowed managerial or supervisory employees to keep a portion of tips that Plaintiff and FLSA Collective Members earned from customers. Plaintiff's claims stated herein are essentially the same as those of the other FLSA Collective Members.

32.     All of the work that Plaintiff and FLSA Collective Members have performed have been assigned by Defendants, and/or Defendants have been aware of all of the work that Plaintiff and FLSA Collective Members have performed.

33.     Defendants are aware or should have been aware that federal law required them to pay employees overtime wages for all hours worked in excess of forty (40) hours per week.

34.     For purposes of notice and other purposes related to this collective action, the names and contact information of FLSA Collective Members are readily available from Defendants' records.

## **NEW YORK CLASS ACTION ALLEGATIONS**

35.     Plaintiff brings the Second Cause of Action, the NYLL claims, pursuant to Rule 23, on behalf of herself and a class of persons consisting of all current and former non-exempt tipped employees employed by Defendants, from the date that is six (6) years prior to the filing of this Class and Collective Action Complaint until the date of final judgment in this matter (the "Class" or "Class Members").

36.     Excluded from the Class are Defendants, Defendants' legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the class

period has had, a controlling interest in Defendants; and all persons who will submit timely and otherwise proper requests for exclusion from the Class.

37.     The members of the Class are readily ascertainable. The number and identity of the Class Members are determinable from Defendants' payroll and personnel records. The hours assigned and worked, the positions held, and the rates of pay for each Class Member are also determinable from Defendants' records. For the purpose of notice and other purposes related to this class action, their names and contact information are readily available from Defendants' records. Notice can be provided by means permissible under Rule 23.

38.     The potential number of Class Members is so numerous that joinder of all members is impracticable, and the disposition of their claims through this class action will benefit both the parties and the Court. Although the precise number of Class Members is unknown because the facts on which the calculation of that number rests presently within the sole control of Defendants, there is no doubt that there are more than forty (40) members of the Class.

39.     Plaintiff's claims are typical of those claims which could be alleged by any Class Member, and the relief sought is typical of the relief which would be sought by each Class Member in separate actions.

40.     Plaintiff and Class Members were subject to the same practices of Defendants, as alleged herein, of (i) failing to pay overtime wages, (ii) failing to pay the statutory minimum wage, (iii) unlawfully keeping or allowing managerial or supervisory employees to keep a portion of tips, (iv) failing to pay the required uniform maintenance pay, (v) failing to pay spread-of-hours pay, (vi) failing to provide proper wage notices, and (vii) failing to provide proper wage statements, in violation of the NYLL.

41.     Plaintiff and Class Members have all been injured in that they have been uncompensated or under-compensated due to Defendants' common policies, practices and patterns of conduct. Defendants' corporate-wide policies and practices affected all Class Members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class Member.

42.     Plaintiff and Class Members have all sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures under the NYLL.

43.     Plaintiff is able and willing to fairly and adequately protect the interests of Class Members and have no interests antagonistic to Class Members.

44.     Plaintiff is represented by attorneys who are competent, skilled, and experienced in both class action litigation and employment litigation and have previously represented many plaintiffs and classes in wage and hour cases.

45.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because the losses, injuries, and damages suffered by each individual Class Member are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for each Class Member to redress the wrongs done to them.

46.     On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of judicial and public resources; however, treating the claims as a class action would result in a significant saving of these costs. If appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

47.     The prosecution of separate actions by individual Class Members would create a risk of inconsistent and/or varying adjudications with respect to each Class Member, establishing incompatible standards of conduct for Defendants and resulting in the impairment of Class Members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof.

48.     Defendants and other employers throughout the state violate the NYLL. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

49.     Common questions of law and fact exist as to Class Members that predominate over any questions only affecting Plaintiff and individual Class Members and include, but are not limited to, the following:

      a. Whether Defendants employed Plaintiff and Class Members within the meaning of the NYLL;

      b. Whether Defendants paid the full amount of regular and overtime wages to Plaintiff and Class Member for all hours worked;

      c. Whether Defendants paid Plaintiff and Class Members at the lawful minimum wage rate;

d.  Whether Defendants took the proper amount of tip credit allowance from Plaintiff and Class Members under the NYLL;

e.  Whether Defendants provided proper notice to Plaintiff and Class Members that Defendants were taking a tip credit;

f.  Whether Defendants provided proper wage statements informing Plaintiff and Class Members of the amount of tip credit taken for each pay period and other information required to be provided on wage statements;

g.  Whether Defendants kept weekly records of the amount of tip credit allowance claimed from Plaintiff and Class Members;

h.  Whether Defendants required Plaintiff and Class Members to perform non-tipped side work for more than two (2) hours or twenty percent (20%) of their workday;

i.  Whether Defendants kept accurate records of the amounts of tips earned by Plaintiff and Class Members;

j.  Whether Defendants subjected Plaintiff and Class Members to an invalid tip pooling arrangement;

k.  Whether Defendants misappropriated tips from Plaintiff and Class Members by keeping or distributing a portion of the tips to employees who are not entitled to receive tips under the NYLL;

l.  Whether Plaintiff and Class Members were required to wear uniforms;

m.  Whether Defendants paid Plaintiff and Class Members their weekly uniform maintenance pay at the statutorily set rates;

n.  Whether Defendants' required uniforms were made of "wash and wear" materials;

o.  Whether Defendants' required uniforms may be routinely washed and dried with other personal garments;

p.  Whether Defendants' required uniforms required ironing, dry cleaning, daily washing, commercial laundering, or other special treatment;

q.  Whether Defendants offered to launder uniforms free of charge with reasonable frequency, and if so, whether they (i) ensured the availability of an adequate supply of clean, properly-fitting uniforms, and (ii) informed Plaintiff and Class Members individually in writing of such service;

r.  Whether Defendants failed to furnish Plaintiff and Class Members with proper wage notices, at hire and before a pay change, as required by the NYLL; and

s.  Whether Defendants failed to furnish Plaintiff and Class Members with proper wage statements with every payment of wages, as required by the NYLL.

## STATEMENT OF FACTS

50.  Plaintiff was employed by Defendants as a server at The Waterfront NYC a restaurant located on the grounds of the Trump Golf Links at Ferry Point, located at 500 Hutchinson River Parkway, Bronx, NY 10465, from on or around August 1, 2020 until June 8, 2021.

51.  Based on Plaintiff's observations and conversations with co-workers, Defendants applied the same pay policies and practices to all tipped employees at The Waterfront NYC.

52.  Throughout her employment with Defendants, Defendants paid Plaintiff at an hourly rate less than New York's minimum wage. Specifically, Plaintiff was paid $11.00 per hour, which is less than the New York statutory minimum wage of $15.00 per hour.

53.  Based on Plaintiff's observations and conversations with her co-workers at The Waterfront NYC, Defendants claimed a tip credit and paid Plaintiff, FLSA Collective Members and Class Members at the same or similar hourly rates that were at all times less than New York's minimum wage.

54.  At all relevant times, Defendants required Plaintiff, FLSA Collective Members and Class Members to share their tips with members of Defendants' management team. There was no tip pooling system between servers at The Waterfront NYC, but Plaintiff was required to share her tips with bar staff, bussers and runners. Specifically, Plaintiff was required to share 5% of beverage tips with the bar staff, and 8% of food tips with bussers and runners. Plaintiff, along with other servers at The Waterfront, were required to hand their tips over to managers who were supposed to deduct the correct amounts to give to the bar staff, bussers and runners. However, after handing over the tips, managers would systematically take a portion of the gratuities for themselves. On

multiple occasions, Plaintiff witnessed the managers, including the bar manager, taking cash tips for themselves.

55.     In addition to the above, Defendants improperly retained service charges for banquets and other large event. When working as a server for banquets or other events, Plaintiff was paid at higher rate of $20 hours per hour; however, she did not receive any gratuities.  Upon information and belief, customers were charged a service fee and were not specifically informed that Defendants intended to withhold the service charge from the wait staff.

56.     Throughout her employment with Defendants, Plaintiff worked twelve (12) hours per day, from 11:00 a.m. to 11:00 p.m., for five days per week, Wednesday through Sunday. During banquets or other events, Plaintiff worked from 11:00 a.m. until between 11:00 p.m. and 2:00 a.m. Thus, Plaintiff worked at least sixty (60) hours per week.

57.     Based on Plaintiff's observations and conversations with co-workers at The Waterfront NYC, FLSA Collective Members and Class Members worked hours similar to Plaintiff's work hours.

58.     Throughout her employment, Plaintiff and all other tipped workers at The Waterfront NYC were required to clock out for thirty (30) minutes each day for a purported lunch break. However, Plaintiff as well as all other tipped workers were routinely required to perform work during their lunch breaks. Thus, Plaintiff and her tipped co-workers were usually unable to take an uninterrupted meal break lasting at least twenty (20) minutes. As a result of this policy and practice at The Waterfront NYC, Plaintiff, FLSA Collective Members and Class Members were not paid for off-the-clock work every workday.

59.     Throughout the relevant period, Plaintiff would spend a minimum of two hours, or twenty percent (20%) of her work day performing non-tipped side work. Specifically, Plaintiff was

required to bring out plates, do roll-ups (with silverware), polish glasses, retrieve supplies from the trailer, fold napkins, and fill salt and pepper containers, among other duties. In fact, just retrieving supplies from the trailer, alone, which was in a separate building from the restaurant, could take around thirty (30) minutes. Plaintiff further observed other tipped staff at The Waterfront NYC similarly performing a significant amount of non-tipped side work.

60. Throughout her employment with Defendants, Plaintiff was not paid the spread-of-hours premium when the interval between the beginning and the end of their workdays exceeded ten (10) hours. Based on Plaintiff's observations and conversations with co-workers at The Waterfront NYC, other workers who had workdays that exceeded ten (10) hours similarly did not receive the spread-of-hours pay for such workdays.

61. At all relevant times, Plaintiff and other tipped workers at The Waterfront NYC were required to work with a uniform issued by Defendants, specifically a shirt and apron. Upon hiring, Plaintiff received two shirts with The Waterfront NYC's logo and one apron. At all times, Plaintiff was required to launder her uniform on a regular basis due to food stains. At all times, Plaintiff was unable to wash and dry her apron with her personal garments due to the food and oil stains. At any given time throughout Plaintiff's employment, Plaintiff at most only had two shirts and one apron.

62. Throughout her employment with Defendants, Plaintiff did not receive proper notices of pay rate or pay day from Defendants at hire or before the changes in pay, as required under the NYLL.

63. Throughout her employment with Defendants, Plaintiff did not receive proper wage statements from Defendants. Specifically, Defendants' wage statements that were provided to Plaintiff did not state her correct pay rate or tip credit rate. Additionally, the amounts of tips listed

13

on the wage statements were different from the amounts Plaintiff earned each week.  Further, the number of hours indicated on the wage statement did not accurately reflect Plaintiff's actual hours worked.

64.     Based on Plaintiff's observations and conversations with co-workers at The Waterfront NYC, Defendants failed to pay Plaintiff and Class Members the lawful minimum wage due to an invalid tip credit deduction.

65.     Based on Plaintiff's observations and conversations with co-workers at The Waterfront NYC, Plaintiff and Class Members did not receive proper notice that Defendants were claiming a tip credit, nor received notice informing them that the tips they received must be retained by them except for a valid tip pooling arrangement, or that the tip credit taken by Defendants may not exceed the value of tips that they actually received.

66.     Based on Plaintiff's observations and conversations with co-workers at The Waterfront NYC, Plaintiff and Class Members were required to engage more than two (2) hours and/or twenty percent (20%) of their workdays performing non-tipped side work.

67.     Based on Plaintiff's observations and conversations with co-workers at The Waterfront NYC, Defendants failed to track daily tips earned by Plaintiff, FLSA Collective Members and Class Members, and failed to keep accurate records thereof.

68.     Based on Plaintiff's observations and conversations with co-workers at The Waterfront NYC, Defendants kept and/or allowed managers and supervisors to keep a portion of the tips that Plaintiff, FLSA Collective Members and Class Members earned from customers.

69.     Based on Plaintiff's observations and conversations with co-workers at The Waterfront NYC, Defendants failed to pay Plaintiff, FLSA Collective Members and Class Members their full and proper wages for off-the-clock work.

70.     Based on Plaintiff's observations and conversations with co-workers at The Waterfront NYC, Defendants failed to pay Plaintiff and Class Members the spread-of-hours pay for workdays such pay was due.

71.     Based on Plaintiff's observations and conversations with co-workers at The Waterfront NYC, Defendants failed to pay Plaintiff and Class Members any uniform maintenance costs.

72.     Based on Plaintiff's observations and conversations with co-workers at The Waterfront NYC, Defendants failed to provide proper wage notices to Plaintiff and Class Members. The wage notices that were provided to Plaintiff and Class Members failed to accurately reflect their regular pay rate and tip credit rate.

73.     Based on Plaintiff's observations and conversations with co-workers at The Waterfront NYC, Defendants failed to provide proper wage statements to Plaintiff and Class Members. The wage statements that were provided to Plaintiff and Class Members failed to accurately reflect their actual hours worked, regular pay rate and tip credit rate, and failed to state other required information. In addition, the wage statements that were provided to Plaintiff and Class Members failed to reflect the accurate amounts of tips they earned each week.

74.     Defendants knowingly and willfully operated their business with a policy of failing to pay the regular wage and/or overtime wages for all hours worked to Plaintiff, FLSA Collective Members and Class Members, in violation of the FLSA and NYLL.

75.     Defendants knowingly and willfully operated their business with a policy of failing to pay the lawful minimum wage to Plaintiff, and Class Members, in violation of the NYLL.

76.     Defendants knowingly and willfully operated their business with a policy of keeping a portion of the tips that Plaintiff, FLSA Collective Members and Class Members earned

from customers and/or distributing a portion of the tips to managers, supervisors and other employees who are not entitled to receive tips under the FLSA and NYLL.

77.     Defendants knowingly and willfully operated their business with a policy of not paying the spread-of-hours pay to Plaintiff and Class Members, in violation of the NYLL.

78.     Defendants knowingly and willfully operated their business with a policy of failing to pay required uniform maintenance expenses to Plaintiff and Class Members, in violation of the NYLL.

79.     Defendants knowingly and willfully operated their business with a policy of not providing proper wage notices to Plaintiff and Class Members pursuant to the requirements of the NYLL.

80.     Defendants knowingly and willfully operated their business with a policy of not providing proper wage statements to Plaintiff and Class Members pursuant to the requirements of the NYLL.

## STATEMENT OF CLAIMS

### FIRST CAUSE OF ACTION
#### *Violation of the Fair Labor Standards Act*

81.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

82.     The minimum wage and overtime provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et seq*., and the supporting federal regulations, apply to Defendants and protect Plaintiff and FLSA Collective Members.

83.     Defendants failed to pay Plaintiff and FLSA Collective Members the full and proper amount of overtime wages for all hours worked in excess of forty (40) per workweek, in violation of the FLSA.

84.    Defendants unlawfully kept and/or allowed managerial or supervisory employees to keep a portion of tips that Plaintiff and FLSA Collective Members earned from customers in violation of subsection 203(m) of the FLSA. See, 29 C.F.R. § 531.52.

85.    Defendants failed to properly disclose or apprise Plaintiff and FLSA Collective Members of their rights under the FLSA.

86.    Defendants' unlawful conduct has been willful and intentional. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and FLSA Collective Members the lawful minimum wage for all hours worked when Defendants knew or should have known such was due. Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff and FLSA Collective Members.

87.    Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to the FLSA.

88.    As a result of Defendants' willful violations of the FLSA, Plaintiff and FLSA Collective Members have suffered damages by being denied overtime wages and tips in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, attorneys' fees and costs, interests, and other compensation pursuant to the FLSA.

89.    Records, if any, concerning the number of hours worked by Plaintiff and FLSA Collective Members and the actual compensation paid to Plaintiff and FLSA Collective Members should be in the possession and custody of Defendants. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

## SECOND CAUSE OF ACTION
### *Violations of the New York Labor Law*

90.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

91.     At all times relevant, Plaintiff and the Class have been employees of Defendants, and Defendants have been employers of Plaintiff and the Class within the meaning of the NYLL §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

92.     Defendants failed to pay the full and proper wages to Plaintiff and Class Members for all hours worked, in violation of the NYLL.

93.     Defendants failed to pay Plaintiff and Class Members the minimum wage to which they were entitled under the NYLL and the supporting New York State Department of Labor Regulations.

94.     Pursuant to the NYLL, Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations, Defendants are required to pay Plaintiff and the Class the full minimum wage at a rate of (a) $8.00 per hour for all hours worked from December 31, 2013 through December 30, 2014; (b) $8.75 per hour for all hours worked from December 31, 2014 through December 30, 2015; and (c) $9.00 per hour for all hours worked from December 31, 2015 through December 30, 2016; (d) $11.00 per hour for all hours worked from December 31, 2016 through December 30, 2017; (e) $13.00 per hour for all hours worked from December 31, 2017 through December 30, 2018; and (f) $15.00 per hour for all hours worked from December 31, 2018 through the present.

95.     Defendants have failed to provide adequate notification to Plaintiff and Class Members of the tip credit in writing as required by the NYLL and the supporting New York State Department of Labor Regulations.

96.     Defendants required Plaintiff and Class Members to perform a substantial amount of non-tipped side work in excess of two (2) hours or twenty percent (20%) of their workdays.

97.     Defendants unlawfully retained and/or allowed managerial or supervisory employees to keep a part of the gratuities received by Plaintiff and Class Members in violation of NYLL, Article 6, § 196-d, and the supporting New York State Department of Labor Regulations.

98.     Defendants failed to pay regular and/or overtime wages to Plaintiff and Class Members for off-the-clock work, in violation of the NYLL.

99.     Defendants failed to pay spread-of-hour wages to Plaintiff and Class Members for the workdays on which the interval between the beginning and the end of their shifts exceeded ten (10) hours, in violation of the NYLL.

100.     At all times, Defendants required Plaintiff and the Class to wear a uniform for each work shift as a condition of their employment. At all relevant times, Defendants did not maintain required uniforms on behalf of Plaintiff and the Class pursuant to the NYLL. At all times, Defendants failed to compensate Plaintiff and the Class with their uniform maintenance pay, in violation of the NYLL. Pursuant to the NYLL, the supporting New York State Department of Labor Regulations, the New York Hospitality Industry Wage Order, 12 N.Y.C.R.R., Part 146, Defendants are required to pay Plaintiff and the Class a uniform maintenance pay. At all relevant times, Defendants' uniform was not made of "wash and wear" materials and could not be routinely washed and dried with other personal garments. At all relevant times, Defendants' uniform required ironing, dry cleaning, daily washing, commercial laundering, or other special treatment. Defendants failed to furnish Plaintiff and the Class with a sufficient number of uniforms consistent with the average number of days worked per week. Plaintiff and the Class spent time off-the-clock

and money to regularly clean and maintain their uniforms consistent with the uniform appearance standards required by Defendants.

101.    Defendants failed to furnish Plaintiff and the Class with proper wage notices as required by NYLL, Article 6, § 195(1), in English or in the language identified by each employee as their primary language, a notice containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer.

102.    Defendants failed to furnish Plaintiff and the Class with an accurate statement of wages with every payment of wages as required by NYLL, Article 6, § 195(3), listing: dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

103.    Defendants failed to keep, make, preserve, maintain, and furnish accurate records of the amounts of tips earned by Plaintiff and Class Members as required by the NYLL and the supporting New York State Department of Labor Regulations.

104.    Defendants failed to properly disclose or apprise Plaintiff and the Class of their rights under the NYLL and the supporting New York State Department of Labor Regulations.

105.    As a result of Defendants' willful violations of the NYLL, Plaintiff and the Class are entitled to recover from Defendants their unpaid minimum wage, unpaid regular and overtime wages, unpaid spread-of-hours premiums, misappropriated tips, unpaid uniform maintenance costs, liquidated damages, statutory penalties, reasonable attorneys' fees and costs, interests, and other compensation in accordance with the NYLL.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff on behalf of herself, FLSA Collective Members and the Class, respectfully requests that this Court grant the following relief:

a. Issuance of court-authorized notice to similarly situated employees regarding the pendency of a collective action pursuant to the FLSA;

b. Certification of this case as a class action pursuant to Rule 23;

c. Designation of Plaintiff as representative of the Class and counsel of record as Class Counsel;

d. An award of unpaid wages for off-the-clock work due under the FLSA and NYLL;

e. An award of unpaid minimum wage due under the NYLL;

f. An award of unlawfully retained tips due under the FLSA and NYLL;

g. An award of unpaid spread-of-hours pay due under the NYLL;

h. An award of unpaid uniform maintenance costs due under the NYLL;

i. An award of liquidated damages as a result of Defendants' willful failure to pay full and proper wages and tips, pursuant to the FLSA or NYLL;

j. Statutory penalties for Defendants' failure to provide Plaintiff and Class Members with proper wage notices, as required by the NYLL;

k.  Statutory penalties for Defendants' failure to provide Plaintiff and Class Members with proper wage statements, as required by the NYLL;

l.  Pre-judgment and post-judgment interest;

m.  Reasonable attorneys' fees and costs of this action;

n.  A declaratory judgment that the practices complained of herein are unlawful under the FLSA and NYLL;

o.  An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein; and

p.  Such other and further relief as this Court deems just and proper.

## **JURY DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated:  August 10, 2022                        Respectfully submitted,

                                               **BROWN, KWON & LAM LLP**

                             By:        */s/ William Brown*

                                           William Brown, Esq.
                                           521 Fifth Avenue, 17th Floor
                                         New York, NY 10175
                                         Tel.: (212) 295-5828
                                         Fax: (718) 795-1642
                                         wbrown@bkllawyers.com
                                         *Attorneys for Plaintiff*